UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Ana Portillo, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-13-3679 |
| | § | |
| DLJ Mortgage Capital, Inc., | § | |
|    *Defendant*. | § | |

**Order**

Pending before the court is DLJ Mortgage Capital, Inc.'s ("DLJ") motion for summary judgment on its counterclaim seeking an order authorizing foreclosure against plaintiffs Ana Portillo ("Portillo") and Luz Gonzalez ("Gonzalez"). Dkt. 20. After reviewing the motion, the response, and the applicable law, the court is of the opinion that the motion should be GRANTED.

**I. Facts**

Ana Portillo filed suit in November 2013 in state court against DLJ, after DLJ sought to foreclose on a lien it held against plaintiff's home. Dkt. 1-3 at 2. Portillo asked the court to declare DLJ's lien on her home void under the Texas Constitution so that should could avoid foreclosure. *Id.* Specifically, she alleged claims for breach of contract; suit to remove cloud and quiet title; a declaratory judgment specifying the rights and duties of the note; and a permanent injunction. DLJ removed the case to this court in December 2013. Dkt. 1. DLJ then filed a counter claim against Portillo seeking an order authorizing foreclosure. Dkt. 6. DLJ also filed a third party complaint and served Gonzalez, the other borrower, with process, because only Portillo had filed suit against DLJ in response to the foreclosure. Dkts. 7, 23. Shortly thereafter, DLJ filed a motion to dismiss all of Portillo's claims. Dkt. 10. The court granted DLJ's motion to dismiss all of plaintiff's claims because they were barred by a four year statute of limitations. Dkt. 14. Then, DLJ filed the motion for summary judgment pending before the court.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; "the requirement is that there be *no genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id*. "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a

genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; it must disregard all evidence favorable to the moving party that the jury is not required to believe; and it must give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Amer. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. XVI, § 50(a)(6) of the Texas Constitution; (3) plaintiffs are in default under the note and security instrument; and (4) plaintiffs received notice of default and acceleration. Tex. Prop. Code Ann. § 51.002; *Boren v. U.S. Nat. Bank Ass'n*, No. H-13-2160, 2014 WL 5486100, at *3 (S.D. Tex. Oct. 29, 2014)**.**

DLJ has put forth uncontroverted evidence in support of its order of foreclosure. Pursuant to the terms and conditions of the note, the "lien evidenced by this Security Instrument may be foreclosed upon only by a court order." Dkt. 20-3 at 16. A debt exists as to Ana Portillo and Luz Gonzalez for the property at 8311 Furlong Lane, Houston, Texas 77071. Dkts. 20-1, 20-2, 20-3. The debt is secured by a lien created under Art. XVI, § 50(a)(6) of the Texas Constitution. Dkts. 20-2, 20-3. The borrowers defaulted on their loan, and are still in default for the February 1, 2008 payment and all subsequent payments. Dkts. 20-1, 20-8. Notices to cure the default under the loan, the Texas Property Code and other laws were provided. Dkts. 20-1, 20-8, 20-9. Further, DLJ has demonstrated that neither borrower is on active duty in any branch of the military. Dkt. 20-11.

Finally, DLJ has demonstrated the assignment history as to the loan. Originally, the loan designated the Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for Lender and its successors and assigns, and that the deed of trust listed MERS as the beneficiary under the security instrument. Dkt. 20-3 at 2. On January 15, 2007, MERS assigned the deed of trust to HSBC Bank, USA, National Association. Dkt. 20-4. On December 26, 2007, HSBC Bank USA National Association assigned the deed of trust to WMC Mortgage Corporation. Dkt. 20-5. On September 29, 2010, WMC Mortgage Corporation assigned the deed of trust to DLJ. Dkt. 20-6.

DLJ's evidence is largely undisputed by Portillo, and the court gives credence to uncontroverted evidence. *Moore*, 233 F.3d at 874. However, Portillo raises one argument: that the the lien DLJ seeks to foreclose upon is not consistent with the requirements of the Texas Constitution, making it invalid, and unable to support foreclosure.[1] Dkt. 22 at 1.

---

[1] Portillo filed an opposed amended response in this case that was untimely. Portillo submitted the amendment "in light of recent decisions that have arisen since [she] filed her Response," which was filed on July 30, 2014. The only cited case decided after Portillo submitted her original response was *Wood v. HSBC Bank USA, N.A.*, 439 S.W.3d 585, 591 (Tex. App.—Houston [14th Dist.] 2014, no pet.). However, in addition to apprising the court of the *Wood* case, which does not change the law related to her case, Portillo also raised two entirely new arguments: 1) that using constitutional infirmities as a defense is different from an affirmative claim, and 2) that DLJ has not fulfilled its contractual obligation written into the lien document. While the court appreciates being notified of relevant new case law, it will not allow untimely amendments to serve as a vehicle for entirely new arguments that could have been made at the time the original response was filed. Therefore, the court takes notice of the new case cited in the amended response, but will not consider

Though a close call, the court finds that for purposes of this case, the lien is valid.[2]  In *Priester v. JP Morgan Chase Bank, N.A.*,[3] the court found that because constitutional claims under section 50(a)(6) can be cured, "once the period of limitations has passed, the lien is no longer voidable and is valid." *Id.*  In other words, if the alleged violation is not cured within four years, "the 'harm' is, in effect, erased." *Id.*  *Priester* has since been cited favorably by some Texas Courts of Appeals.  *See Wood v. HSBC Bank USA, N.A.*, 439 S.W.3d 585, 591 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Williams v. Wachovia Mortg. Corp.*, 407 S.W.3d 391, 397 (Tex. App.—Dallas 2013, no pet.).  The broad language used in *Priester* about how, after the statute of limitations has expired, the lien becomes valid and the harm is effectively erased is persuasive.  It is incongruent to hold that the lien is valid for Portillo's affirmative claims, yet conclude that the lien is invalid for Portillo's defenses in the same case.  Either the lien is valid or it is not.  This court has already determined that the lien was valid by dismissing Portillo's claims under *Priester*.  *See* Dkt. 14.

---

the new arguments in the amended response.

[2] *See, e.g.*, *In re Shackles*, No. 11-43075, 5348879, at *6–9 (Bankr. E.D. Tex. Sept. 23, 2013).  Though Portillo does not cite this case for the proposition that defenses are not subject to the statute of limitations, and has waived the argument regardless (see n.1), the *In re Shackles* court reaches a different conclusion than this court on somewhat similar facts.  However, absent binding precedent that is factually analogous to the present case dealing with the Texas Constitution's relatively new home equity lending requirements, the court has determined that its current result is most in line with *Priester*.

[3] In *Priester v. JP Morgan Chase Bank, N.A.*, the borrowers (the Priesters) alleged several claims against borrowers, including a defamation because the defendant lenders reported delinquent payments on the Priesters' credit reports.  *Priester*, 708 F.3d at 672, 677.  The Priesters argued that the reports of delinquent payments were defamation, in part, because the underlying lien was void and unenforceable due to constitutional infirmities.  *Priester*, 708 F.3d at 672, 677.  The district court concluded that the defamation claim was completely dependent on a determination of the validity of the loan, and rose or fell with that determination.  *Id.*  Because the statute of limitations had passed to complain of the validity of the lien, the lien had become valid, and the defamation claim was therefore dismissed.  *Id.*

On appeal, the Priesters argued that the district court's conclusion was flawed because their defamation claim was independent of the constitutional question, and should not be time-barred.  *Id.* at 678.  The Priesters also argued that, even if a *remedy* for the constitutional claim was time barred, the underlying constitutional *wrong* still survived and could be the basis of another claim, such as their defamation claim.  *Id.*  The Fifth Circuit disagreed with these arguments and explained that to determine whether a defamation even occurred, it necessarily had to determine whether the lien was void and unenforceable.  *Id.*  And, because a constitutional claim under section 50(a)(6) can be cured, "once the period of limitations has passed, the lien is no longer voidable and is valid." *Id.*  Therefore, because the lien had not been cured before the statute of limitations expired, the lien was valid and the defamation claim failed.  *Id.*

As explained in the prior order dismissing Portillo's claims, Portillo admits that the loan closed more than seven years before the petition in this court was filed. Dkt. 14. She did not seek to cure the alleged infirmities for more than four years after the loan closed. Therefore, regardless of whether any constitutional infirmities existed at the time the loan closed, the harm is erased and the lien is valid. Therefore, plaintiff's argument that there is not a valid lien upon which to foreclose is unavailing, and defendant's summary judgment evidence is sufficient to show that there is no genuine issue of material fact.

## IV. Conclusion

For the foregoing reasons, DLJ's summary judgment motion (Dkt. 20) is **GRANTED**. Defendant is awarded an Order Authorizing Foreclosure, entitling it to foreclose on the collateral real property located at 8311 Furlong Lane, Houston, Texas 77071 (the "Property"). If necessary, the defendant is authorized to conduct a non-judicial foreclosure sale on the Property, in accordance with the requirements of Texas Property Code 51.002 and relevant provisions of the security instrument.

Signed at Houston, Texas on February 19, 2015.

_____
Gray H. Miller
United States District Judge